UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY LYON,

        Petitioner,

v.                                               Case No. 24-cv-0395-bhl

UNITED STATES OF AMERICA,

        Respondent.

## SCREENING ORDER

On April 1, 2024, Petitioner Larry Lyon filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in *United States v. Larry Lyon*, Case No. 21-cr-0149-bhl (E.D. Wis.). (ECF No. 1.)[1] Lyon claims he received the ineffective assistance of counsel, including that his attorney failed to timely file a notice of appeal. (*Id.* at 4–7.) This is not Lyon's first post-sentencing filing. Before invoking § 2255, Lyon filed a *pro se* motion for compassionate release, (Case No. 21-cr-0149, ECF No. 69); a *pro se* request for placement in a different Bureau of Prisons facility, (*id.*, ECF No. 74); and a *pro se* motion to reduce sentence, (*id.*, ECF No. 75). All of these prior efforts were rejected. (*Id.*, ECF Nos. 72 & 76.) He now turns to § 2255 to seek relief from his sentence, but his latest endeavor faces a different obstacle—a request for relief under § 2255 must be filed within one year of the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Because Lyon's petition appears untimely, the Court will allow him 30 days to show cause why his request is timely and should not be dismissed.

## BACKGROUND

Lyon was charged in a five-count indictment with various gun and drug offenses, in violation of 18 U.S.C. §§ 2(a), 922(a)(6), 922(g)(1), 924(a)(2), and 924(c)(1)(A)(i), and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 856(a)(1), and 856(b). (Case No. 21-cr-0149, ECF No. 8.) Lyon later

---

[1] Lyon also filed a motion to proceed without prepaying the filing fee. (ECF No. 2.) A filing fee is not required of a movant in a § 2255 proceeding because a § 2255 proceeding is not viewed as an independent action but rather as a "continuation of the criminal case whose judgment is under attack." *See* Advisory Committee's Notes to Rule 3, Rules Governing § 2255 Proceedings. Because no filing fee is required, the Court will deny Lyon's filing fee motion as moot.

entered into a plea agreement, which was filed with the Court on June 29, 2022. (*Id.*, ECF No. 49.) Under the agreement, Lyon agreed to plead guilty to count four of the indictment, a charge of intentionally possessing with intent to distribute controlled substances, with the remaining charges being dismissed at sentencing. (*Id.* ¶¶4, 9.) The parties also negotiated for a specific resolution under Federal Rule of Criminal Procedure 11(c)(1)(C), a sentence of 10 years' imprisonment. (*Id.* ¶11.)

When he signed the agreement, Lyon specifically acknowledged and admitted:

- He had read and fully understood "the nature and elements of the crimes with which he ha[d] been charged." (*Id.* ¶3.)
- His attorney had fully explained to him "those charges and the terms and conditions of the plea agreement." (*Id.*)
- He was guilty of the offense in count four of the indictment. (*Id.* ¶5.)
- The facts set forth in the plea agreement established his guilt beyond a reasonable doubt and were true and correct. (*Id.*)
- The maximum term of imprisonment was thirty (30) years' imprisonment, a one million dollar fine, and at least six (6) years' supervised release. (*Id.* ¶7.)
- He had "discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney." (*Id.* ¶8.)

On July 13, 2022, the Court held a change-of-plea hearing at which Lyon appeared in person with counsel. (*Id.*, ECF No. 53.) The Court conducted a plea colloquy to confirm that Lyon understood the terms of his plea agreement and was entering his plea knowingly and voluntarily. Based on Lyon's responses to the Court's questions, the Court found: (1) Lyon was competent to offer a plea; (2) there was a factual basis for the plea; (3) Lyon offered the plea knowingly and voluntarily; and (4) Lyon had reviewed the plea agreement with his counsel and was satisfied with the representation he received. (*See id.*) The Court also advised Lyon of his rights, the nature of the charges against him, and the maximum possible penalty. (*Id.*) After confirming that Lyon understood the deal he had cut, the Court approved the plea agreement, accepted Lyon's guilty plea, and convicted him of the offense set forth in count four of the indictment.

On November 9, 2022, the Court conducted Lyon's sentencing hearing. Lyon again appeared in person with counsel. (*See id.*, ECF No. 62.) After reviewing Lyon's presentence report and confirming that the parties had no objections, the Court formally approved the parties' Rule 11(c)(1)(C) plea agreement and sentenced Lyon to the agreed upon one-hundred and twenty

(120) months' imprisonment. (*Id.*) The Court also advised Lyon of his appeal rights and the deadline for filing a notice of appeal. (*Id.*, ECF No. 68 at 16.)

Lyon did not file a timely notice of appeal. But he was not shy about asserting his rights in other filings. On May 19, 2023, he filed a *pro se* motion for compassionate release from custody. (*Id.*, ECF No. 69.) Because Lyon neither exhausted the necessary administrative process available to him nor, on the merits, presented sufficient justification for his motion to be granted, the Court denied the motion. (*Id.*, ECF No. 72.) In denying his motion, the Court noted that Lyon faced very substantial mandatory minimum penalties, his 18 criminal history points established a criminal history category of VI, and he had agreed to his sentence in a plea agreement. (*Id.* at 4.)

On November 8, 2023, Lyon filed a *pro se* request to be moved to a different facility. (*Id.*, ECF No. 74.) The Court denied this request and explained to Lyon that the Court does not have the authority to order transfers within Bureau of Prisons institutions. (*Id.*, ECF No. 76 at 1 (citing 18 U.S.C. § 3621(b) (setting forth criteria for the Bureau of Prisons to consider in making placement and transfer determination)).) Since Lyon filed his request, he appears to have been moved from the Federal Correction Institution located in Victorville, California, to the Federal Transfer Center in Oklahoma City, Oklahoma. (*See* ECF No. 1 at 12.)

On November 27, 2023, Lyon filed a letter seeking review of the sentencing guidelines applicable to his conviction due to "the new law that . . . passed on November 1st 2023 called the 'Equals Act.'" (Case No. 21-cr-0149, ECF No. 75.) The Court construed Lyon's letter as a *pro se* motion to reduce sentence. (*Id.*, ECF No. 76 at 1.) The Court first noted that the EQUAL (Eliminating a Quantifiably Unjust Application of the Law) Act, which aims to eliminate the federal sentencing disparity between drug offenses involving crack cocaine and powder cocaine, EQUAL Act, H.R. 1062, 118th Congress (2023–24), is proposed legislation that lacks the force of law. (Case No. 21-cr-0149, ECF No. 76 at 1–2.) The Court then noted that to the extent Lyon was referring to Amendment 821, the retroactive amendments to the U. S. Sentencing Guidelines that became effective on November 1, 2023, his request was also without merit because Lyon was not eligible for any reduction under the amendments. (*Id.* at 2.) More specifically, he had not been assessed any status point increase to his criminal history and—having been assessed 18 criminal history points—was not a "zero-point offender." (*Id.*) With a final offense level of 31 and criminal history category of VI, the guideline imprisonment range was 188 months to 235 months incarceration. (*Id.* (citing Case No. 21-cr-0149, ECF No. 60 at 25).) The Court noted that

it sentenced Lyon to a prison term of 120 months, consistent with the parties' Rule 11(c)(1)(C) plea agreement.  (*Id*. at 3.)  Not only was Lyon not eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines, the Court also noted that reducing his sentence would diminish the seriousness of the offense and would not be in the interests of justice. (*Id.*)

On April 2, 2024, Lyon filed a motion under 28 U.S.C. § 2255 claiming that he did not appeal because his defense counsel failed to timely file a notice of appeal.  (ECF No. 1 at 4.)  Lyon further claims he did not appeal because defense counsel failed "to investigate mitigating claims" and "to order psychological evaluations prior to sentencing."  (*Id.*)  Lyon also accuses the government of "prosecutorial misconduct" by withholding statements made by confidential informants that exonerate the defendant.  (*Id.*)  Lyon claims he received the ineffective assistance of counsel because his defense counsel "coerced" him "into taking a plea agreement instead of going to trial" and failed to rebut the statements of a confidential informant who claimed that the controlled substances were being sold by a 5-foot 9-inch Hispanic when Lyon is a 5-foot 4-inch African American.  (*Id.* at 6–7.)  Lyon requests that the Court set aside the conviction and "allow new counsel to pursue merit[orious] claims of actual innocence and ineffective assistance of counsel." (*Id.* at 10.)

## LEGAL STANDARD

In a § 2255 proceeding, the Court must first review or screen the petition.  Rule 4 of the Rules Governing Section 2255 Proceedings provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

A petitioner seeking relief under § 2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  This form of action, however, is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007).  Any claims that a petitioner did not

properly raise at trial or on direct appeal are typically procedurally defaulted and he cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). There are several exceptions to this rule. Actual innocence may excuse procedural default. *See McQuiggin v Perkins*, 569 U.S. 383, 386 (2013). To raise such a claim, a habeas petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). In turn, to establish the requisite probability, a habeas petitioner must establish that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.*

A person seeking relief under § 2255 must file his petition within one year of the date on which the judgment of conviction became final, the date on which any impediment to making a motion was removed (if the movant was prevented from filing his motion by government action), the date on which the right the petitioner asserts was recognized by the Supreme Court (if it is a newly recognized right made retroactively applicable to cases on collateral review) or the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f); *see also Clarke v. United States,* 703 F.3d 1098, 1099–100 (7th Cir. 2013). The period generally begins to run on the date on which the judgment of conviction becomes final. § 2255(f)(1).

## ANALYSIS

Lyon's petition faces two significant hurdles. His first problem stems from his failure to file a timely direct appeal. For a claim to be cognizable under § 2255, the petitioner must have raised the claim on direct appeal: "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Hale v. United States*, 710 F.3d 711, 713–14 (7th Cir. 2013)). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, (1998)). There is an exception, however, for claims of ineffective assistance of counsel, which may be brought for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011). Lyon seeks § 2255 relief based on the ineffective assistance of counsel, including that his attorney failed to timely file a notice of appeal.

(ECF No. 1 at 4.) But any of Lyon's claims not based on ineffective assistance of counsel are likely procedurally barred. *See Massaro*, 538 U.S. at 504.

The second hurdle is more substantial. The Court entered a judgment of conviction against Lyon on November 9, 2022. Because Lyon did not appeal, the judgment became final 14 days later: November 23, 2022. *See* Fed. R. App. P. 4(b)(1)(A). The one-year deadline for Lyon to commence a § 2255 proceeding began on that day. 28 U.S.C. § 2255(f)(1); *see also Clarke*, 703 F.3d at 1100. Accordingly, Lyon had until November 23, 2023, to file a § 2255 motion. The record confirms, however, that Lyon did not file his § 2255 motion until March 20, 2024, when he placed it in the prison mailing system.[2] In fact, while the statute of limitations was ticking, Lyon filed a motion for compassionate release, a motion to be transferred to a different facility, and motion for a sentence reduction.

Lyon's motion is therefore untimely. This is likely, but not necessarily, dispositive. Certain claims can be raised after the one-year period, but Lyon does not appear to assert any such grounds. He does not assert newly discovered evidence under § 2255(f)(4), or that an impediment prevented him from filing his motion under § 2255(f)(2), or that a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review under § 2255(f)(3). The Court will allow Lyon the chance to explain why his claims are not barred by § 2255's one-year statute of limitations.

Accordingly,

**IT IS THEREFORE ORDERED** that, within **30 days of the date of this order**, Lyon shall show cause, if any, why his application for relief under § 2255 is not time-barred. If Lyon fails to respond within 30 days, his petition will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that Respondent shall have 21 days following the filing of Lyon's brief within which to file a response.

---

[2] Rule 3(d) of the Rules Governing Section 2255 Proceedings provides that, "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." *See also Thornton v. Cromwell*, No. 22-C-469, 2022 WL 4468083, at *2 (E.D. Wis. Sept. 26, 2022) ("Under the 'prison mailbox rule,' a federal habeas petition is deemed filed when the petitioner hands it over to the prison authorities for mailing to the district court.") (citing *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999)).

**IT IS FURTHER ORDERED** that the petitioner's motion to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin on April 12, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge